UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD SHEALY,

                      Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION and ORDER**

**18-CV-1193F**
(**consent**)

| APPEARANCES: | LAW OFFICES OF KENNETH R. HILLER, PLLC |
|---|---|

Attorneys for Plaintiff
KENNETH R. HILLER, and
JUSTIN DAVID JONES, of Counsel
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY, JR.
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
      and
SERGEI ADEN, and
JOANNE JACKSON PENGELLY
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
      and
DENNIS J. CANNING, and
JOSHUA R. SUMMER
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 East 12th Street, Room 965
Kansas City, Missouri 64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 13). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on May 28, 2019 (Dkt. 7), and by Defendant on July 26, 2019 (Dkt. 10).

## BACKGROUND

Plaintiff Edward Shealy ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on April 16, 2015, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges he became disabled on July 1, 2012, based on attention deficit hyperactivity disorder ("ADHD") diagnosed in 1995, hepatitis C diagnosed in 2014, hyper arrhythmia diagnosed in 2012, arthritis diagnosed in 2012, constant stomach pain from an injury in 2005, high blood pressure, and asthma. AR[2] at 150, 153. Plaintiff's application initially was denied on August 11, 2015, AR at 49, and at Plaintiff's timely request, on October 11, 2017, a hearing was held in Buffalo, New York before administrative law judge Timothy M. McGuan ("the ALJ"). AR at 26-48. Plaintiff, then represented by Jonathan Emdin, Esq., appeared and testified at the administrative hearing. Vocational expert Dawn Blythe ("VE"), also appeared, but did not testify.

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on March 26, 2019 (Dkt. 5).

On January 19, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 12-21 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. AR at 122-26. On August 30, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On October 29, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On May 28, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum"). On July 26, 2019, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 10-1) ("Defendant's Memorandum"). Filed on August 14, 2019, was Plaintiff's Reply to Commissioner's Brief in Support of the Defendant's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Edward Shealy ("Plaintiff" or "Shealy"), born August 15, 1985, was 26 years old as of July 1, 2012, his alleged disability onset date ("DOD"), and 32 years old as of January 19, 2018, the date of the ALJ's decision. AR at 21, 150. Plaintiff is married, and lives in an apartment in Derby, New York, with his wife, three young

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

stepchildren, and a newborn child in common with his wife. AR at 35-36, 163-64, 167, 565. Plaintiff also has two other children, a daughter with an ex-wife and with whom Plaintiff has no contact, and a son with an ex-girlfriend and who Plaintiff regularly sees. AR at 238, 558, 565. As of the date of the administrative hearing, Plaintiff was seeking custody of his son. AR at 564-65.

Plaintiff has a history of violence, including threatening his ex-wife's new husband with a knife when Plaintiff learned the new husband, rather than Plaintiff, was the father of two children Plaintiff thought were his. AR at 243. Another time, Plaintiff planned to kill the new husband with a shotgun, but abandoned the plan when he realized the children were present. *Id.* On March 25, 2015, Plaintiff was involved in a domestic incident for which the police were called with Plaintiff attempting to flee, threatening to kill himself. AR at 291, 316. Plaintiff was taken to Lake Shore Health Center for evaluation, his neurological and psychiatric examinations were normal, Plaintiff was diagnosed with hepatitis C, and was discharged. AR at 296, 299.

Plaintiff graduated high school where he attended special education classes with assistance of aides, can communicate in English although he reads at the third-grade level, and also has vocational training in welding. AR at 29-30, 34, 153, 155.

Plaintiff maintains his primary obstacle to working is his ADHD, with which he was diagnosed in 1995, and which interferes with Plaintiff's ability to focus and remain on task, causing anxiety and problems with coworkers, and resulting in Plaintiff being repeatedly discharged from employment. AR at 30, 33-34, 38-41. In 2006, Plaintiff suffered a stab wound to his stomach, requiring 95 staples to close and resulting in repeated hernias. AR at 239. Plaintiff underwent surgical hernia repair on August 15,

4

2014.  AR at 270-87.  Plaintiff also has a history of substance abuse, including heroin/opiates, crack cocaine, benzos, hallucinogens, and marijuana, but as of the administrative hearing on October 11, 2017, had not engaged in any substance abuse in four years.  AR at 32-33, 236, 565.  Plaintiff also has some arthritis of his hands, an irregular heartbeat, and bipolar disorder, AR at 30, 44-46, and cannot lift more than 50 lbs. because of his hernia and pain in his hands and forearms, but is able to move tables and chairs.  AR at 46.

Plaintiff can tend to his personal needs, but needs reminders to shower and take his heart and blood pressure medications, AR at 166.  Plaintiff can use the microwave, but mostly relies on his wife for meal preparation, who also does most of the household cleaning.  AR at 47, 166.  Plaintiff can perform common household chores, needs help with reading, comprehending, taking out the trash, and problems lifting prevents Plaintiff from doing yard work.  AR at 167.  Plaintiff often plays with his children outside, has a driving learner's permit but no license and rides in a car for transportation.  AR at 43, 167-68.  Plaintiff's anxiety makes it difficult to be around other people, and Plaintiff shops twice a month for less than half an hour because he dislikes people other than his wife and children.  AR at 35-36, 167-69.  Plaintiff's hobbies and interests include watching television, model cars, puzzles, walking outside with his wife and kids, AR at 168-69, and building all-terrain vehicles ("ATVs"), quads (four-wheeled ATV), trailers, and bicycles.  AR at 573.  Plaintiff regularly attends doctor appointments and events at his children's school, goes to the park, and visits with his mother and sister.  AR at 168-69.

Plaintiff maintains although he is "very handy" and has worked at construction, Plaintiff has limited work experience as a laborer and retail sales associate with no job lasting more than four months which Plaintiff attributes to his ADHD, his hands "locking up," an irregular heartbeat, and inability to get along with others, and poor anger management. AR at 30, 156, 165. At the administrative hearing, Plaintiff admitted to working "off the books" after filing his disability benefits application, "doing odd jobs. . . ." AR at 30.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

7

meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 16, 2015, the date of his application, AR at 14, and suffers from the severe impairments of hypertension, hepatitis C, and an adjustment disorder, *id.* at 14-15, but that Plaintiff's hernia, asthma, arthritis, ADHA, and polysubstance abuse are not

severe impairments, Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *Id.* at 15-17, and that Plaintiff retains the RFC to perform medium work as defined under the Act, with a further limitation of an inability to have more than occasional contact with the public. *Id.* at 17-19. Based on his age, education, ability to communicate in English, lack of any PRW, and RFC, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform, including more than 200 separate unskilled occupations, each representing numerous jobs in the national economy. *Id.* at 19-20. Accordingly, the ALJ found Plaintiff is not disabled under the Act. *Id.* at 20.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ improperly made his RFC assessment without any medical opinion evidence in the record which was not permitted in light of Plaintiff's mental impairments, Plaintiff's Memorandum at 8-13, and improperly evaluated Plaintiff's credibility by failing to explain why he found Plaintiff's subjective claims are not entirely consistent with the record. *Id.* at 13-17. Defendant maintains the ALJ's evaluation of Plaintiff's symptoms and RFC determination are supported by substantial evidence in the record, Defendant's Memorandum at 11-17, and the administrative record as considered by the ALJ was adequately developed. *Id.* at 17-19. In reply, Plaintiff reiterates the argument that the ALJ improperly determined Plaintiff's RFC without any medical opinion evidence, Plaintiff's Reply at 1-4, and the ALJ's failure to properly evaluate whether Plaintiff's subjective claims are consistent with the record requires remand. *Id.* at 4-5. Plaintiff's arguments are without merit.

9

Plaintiff argues the ALJ erred at the third step by finding Plaintiff has the severe impairment of an adjustment disorder yet determining that such disorder did not meet the relevant Listing, 12.04 (depressive, bipolar and related disorders), because Plaintiff's mental impairment does not satisfy the criteria of 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00.A.2.b ("paragraph B criteria"), which provides the functional criteria to be assessed in evaluating how a claimant's mental disorder limits functioning needed to work, without any medical opinion supporting the determination such that the ALJ improperly substituted his lay opinion for medical evidence.  Plaintiff's Memorandum at 8-9; Plaintiff's Reply at 3-4.  In opposition, Defendant argues the ALJ specifically considered the required factors and discussed evidence in the record supporting his determination that the paragraph B criteria were not adequately met so as to support a finding of disability based on a mental impairment.  Defendant's Memorandum at 11-12.

As relevant,

> These [four] criteria represent the areas of mental functioning a person uses in a work setting.  They are: [1] Understand, remember or apply information; [2] interact with others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage oneself.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00.A.2.b (bracketed material added).[5] Furthermore, to satisfy the criteria of paragraph B, a claimant's mental disorder must result in an "extreme" limitation of at least one of the four criteria, or a "marked" limitation in at least two such criteria.  Id.

The ALJ specifically considered each of these criteria, relying on Plaintiff's testimony at the administrative hearing in finding Plaintiff had a mild limitation as to

---

[5] Because the parties do not dispute that if the administrative record establishes the paragraph B criteria are satisfied, Plaintiff would be disabled under Listing 12.04, the remaining criteria for this Listing are not discussed.

understanding, remembering, or applying information, concentration, persistence and maintaining pace, and adapting or managing oneself, and a moderate limitation for interacting with others. AR at 16. The ALJ need not "involve medical sources" in assessing the evidence of a Plaintiff's alleged disability, *Bliss v. Comm'r of Soc. Sec.*, 406 Fed.Appx. 541, 542 (2d Cir. 2011) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)), or "discuss every piece of evidence submitted" in determining a disability benefits claim, *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012), and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id*. The ALJ is also permitted to rely on the absence of medical records in determining that a claim of total disability is "undermined by his failure to seek regular treatment for his alleged disabling condition." *Navan v. Astrue*, 303 Fed. Appx. 18, 20 (2d Cir. 2008) (citing cases). Here, the ALJ did not limit his consideration of the paragraph B criteria to Plaintiff's testimony, but thoroughly discussed how he determined Plaintiff's statements relative to the paragraph B criteria are inconsistent with the medical evidence in the record. AR at 17 (explaining the RFC assessment "reflects the degree of limitation [the ALJ] found in the 'paragraph B' mental functional analysis."). The court's discussion of such immediately follows.

Insofar as Plaintiff challenges that the ALJ did not appropriately evaluate Plaintiff's "credibility," Plaintiff's Memorandum at 13, the court preliminarily addresses that the Commissioner has eliminated "use of the term 'credibility' from [the SSA's] sub-regulatory policy, as [the SSA's] regulations do not use this term. In doing so, [the SSA] clarify[ies] that subjective symptom evaluation is not an examination of an individual's

11

character." SSR 16-3p,[6] 2017 WL 5180304, at *2 (Oct. 2, 2017). Accordingly, the court refrains from use of the term "credibility" in considering whether the ALJ properly assessed whether the Plaintiff's subjective complaints are consistent with the medical evidence in the record.

The ALJ's discussion of the evidence of Plaintiff's mental impairment establishes Plaintiff's assertions of the disabling effect of such impairment were inconsistent with the record as a whole. Significantly, the ALJ is "entitled to weigh all of the medical evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)).

With regard to Plaintiff challenges to the ALJ's determination that Plaintiff's claims regarding the intensity, persistence, and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record," AR at 18, where a disability claimant's statements regarding his symptoms, including those pertaining to subjective complaints such as pain, fatigue, shortness of breath, weakness, nervousness, or other mental impairments, are not substantiated by the objective medical evidence, the ALJ must consider the other evidence and determine whether Plaintiff's subjective complaints are consistent with the medical evidence in the record. *Cichocki v. Astrue*, 543 Fed.Appx. 71, 75-76 (2d Cir. 2013) (citing 20 C.F.R. § 416.929(c)(1) and (2), and SSR 96-7p,[7] 1996 WL 374186, at * 4 (July 2, 1996)).

---

[6] "SSR" is the acronym for Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. Such rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).
[7] SSR 96-7p was rescinded by SSR 16-3p insofar as the latter replaced the term "credibility" with "consistent with the objective medical evidence and the other evidence of record. . . ." SSR 16-3p, 2017 WL 5180304, at * 8.

Although Plaintiff maintains the ALJ failed to consider the seven factors enumerated under 20 C.F.R. § 416.929(c)(3), Plaintiff's Reply at 4, nothing requires the ALJ separately discuss each of these factors; rather, so long as the ALJ thoroughly explains his reasons for finding Plaintiff's subjective complaints inconsistent with the evidence in the record, and "the record evidence permits us to glean the rationale of the ALJ's decision, the ALJ's failure to discuss those factors not relevant to [such] determination does not require remand." *Cichocki*, 534 Fed.Appx. at 76.

Here, contrary to Plaintiff's assertions, Plaintiff's Memorandum at 13, the ALJ provided a proper explanation for the court to review regarding the ALJ's determination that Plaintiff's subjective complaints are not consistent with the medical evidence in the record. In particular, the ALJ relied on records showing Plaintiff is in treatment for his polysubstance abuse and has remained clean from most substances except marijuana. AR at 18 (citing AR at 548, 558 (February 25, 2015 treatment notes from TLC Health Network), and AR at 560 (Plaintiff reporting on May 23, 2017, to Community Concern of WNY having been "clean" for 2 ½ years of substance abuse)). The ALJ observed that Plaintiff repeatedly denied symptoms of depression and anxiety including being in crowds. AR at 18 (citing AR 549-550 (Cleve-Hill Family Health Center treatment notes dated April 21, 2015 indicating Plaintiff denied multiple mental health issues including feeling depressed or suicidal, episodes of manic, extended periods of feeling irritable, grouchy, annoyed, or physically confrontational, feeling anxious, frightened, or uneasy either at home alone or in a crowd, excessively worried, or bothered by thoughts, impulses or images that were unwanted, distasteful, inappropriate, intrusive, or distressing). The ALJ further noted that on May 23, 2017, at an initial assessment at

Community Concern of WNY, for counseling for increased anger issues, Plaintiff's mental status examination was within normal limits. AR at 18 (citing AR at 565). Accordingly, substantial evidence supports the ALJ's determination that Plaintiff's asserted subjective symptoms regarding his mental impairment are not consistent with the medical evidence in the record.

The ALJ also found that despite being diagnosed with hepatitis C, Plaintiff failed to comply with his primary care physician's referral to Erie County Medical Center for treatment, AR at 19 (citing AR at 356 (April 21, 2015 Cleve-Hill Family Health Center office treatment note reporting Plaintiff failed to follow-up with hepatitis C treatment)), and Plaintiff's blood pressure was stable and controlled with no significant interval events so long as Plaintiff is compliant with his medications. AR at 19 (citing AR at 366 (February 27, 2015 Cleve-Hill Family Health Center officer treatment note observing Plaintiff not compliant with blood pressure medication)). *See Navan*, 303 Fed. Appx. at 20 (disability claim is "undermined by [the claimant's] failure to seek regular treatment for his alleged disabling condition.").

Moreover, the ALJ considered Plaintiff reported to be working full-time in construction. AR at 19 (citing AR at 357 (Cleve-Hill Family Health Center office treatment notes dated April 21, 2015, reporting Plaintiff was to begin working construction the next day). More recently, at the May 23, 2017, Community Concern of WNY initial assessment, Plaintiff reported "he currently works 5 to 6 days a week," AR at 560, and described his job as "a welder for billboard company." AR at 562. The ALJ also remarked on Plaintiff's administrative hearing testimony that since filing for disability benefits on April 16, 2015, Plaintiff continued to work "off the books,"

performing "odd jobs when he can." AR at 14.  This finding is consistent with Plaintiff's hearing testimony.  AR at 30 (Plaintiff testifying that since applying for disability benefits, he worked "[n]ot on the books.  Around and about doing odd jobs when I can.").  Significantly, evidence that a disability benefits claimant worked part-time or off the books during the period of alleged disability support the ALJ's finding that the Plaintiff's alleged impairments are not disabling.  *See Cabrero-Gonzalez v. Colvin*, 2014 WL 7359027, at ** 19-20 (W.D.N.Y. Dec. 23, 2014) (finding fact that plaintiff worked part-time supported Commissioner's determination that Plaintiff was not disabled); *Brantell v. Astrue*, 2010 WL 1038683, at * 7 (W.D.N.Y. Mar. 19, 2010) (ALJ sufficiently assessed the plaintiff's subjective complaints by observing that plaintiff worked off the books during period of alleged disability).

The ALJ's determination that Plaintiff's' mental impairments do not satisfy the paragraph B criteria for disability based on Listing 12.04 is thus supported by substantial evidence in the record with which the ALJ found Plaintiff's subjective complaints inconsistent.[8]

---

[8] The court notes that inasmuch as Plaintiff also claims to suffer from anxiety and anger management issues, the relevant Listings, 12.06 (anxiety and obsessive-compulsive disorders) and 12.08 (personality and impulse-control disorders), also require meeting the paragraph B criteria.  *See* 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.06 and § 12.08.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      March 18th, 2020
                 Buffalo, New York